By the Court.—Freedman, J.
I am of the opinion that the issues have been retried in substantial compliance with the rule laid down by this court on the former appeal (see 57 N. Y. Superior Ct. R. 452). .
The instruction given by the trial judge to the jury that by the pleadings it stood admitted that the transactions between the plaintiff and the defendants amounted to a purchase of the goods by the plaintiff, must be construed in connection with the other parts of the charge and the particular passages in the pleadings referred to, and when so construed, it applied only to the transactions prior to March 5, 1884. Whether on that day the plaintiff did or did not notifiy the defendants not to send any more goods to Matthiesen & Doolittle under the previously existing arrangement, remained still a question for the jury and it was submitted to them.
The plaintiff did not in his complaint, or in the course of the trial, advance the claim which, on the motion for a new trial, he for the first time advanced, that he is entitled to • ten per cent, discount on certain purchases'; that he has not received the same *492 and that the jury should have given him a verdict for at least that amount. As no such claim or suggestion was made before the rendition of the verdict, the court will not, in the absence of any evidence that he did not receive it, indulge, for the purpose of reversing the judgment, in the presumption that he did not receive it.
None of the exceptions taken by the appellant seem to be tenable and substantial justice appears to have been done.
The judgment and order should be affirmed with costs.
Sedgwick, Ch. J., and Ingraham, J., concurred.